A09A2243. IN THE INTEREST OF T. C. et al., children.
(691 SE2d 603)

ANDREWS, Presiding Judge.

The mother of T. C., S. C., and J. C., minor children, appeals from the order of the Juvenile Court of Catoosa County terminating her parental rights to the children.[1] She claims there was no clear and convincing evidence of parental misconduct or inability, and that the court erred by denying her motion to dismiss the termination petition. For the following reasons, we find no error and affirm.

Termination of parental rights pursuant to OCGA § 15-11-94 requires a two-step process. First, the court must determine under OCGA § 15-11-94 (a) "whether there is present clear and convinc-

---

[1] The juvenile court's termination of the father's parental rights to the children is not challenged in this appeal.

ing evidence of parental misconduct or inability." Parental misconduct or inability is established where the court finds clear and convincing evidence of the four factors set forth in OCGA § 15-11-94 (b) (4) (A):

> (i) The child is a deprived child, as such term is defined in Code Section 15-11-2;
> (ii) The lack of proper parental care or control by the parent in question is the cause of the child's status as deprived;
> (iii) Such cause of deprivation is likely to continue or will not likely be remedied; and
> (iv) The continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child.

Second, the court must determine under OCGA § 15-11-94 (a) "whether termination of parental rights is in the best interest of the child, after considering the physical, mental, emotional, and moral condition and needs of the child who is the subject of the proceeding, including the need for a secure and stable home." On appeal from the court's decision to terminate parental rights under OCGA § 15-11-94, we review the evidence in the light most favorable to the court's decision and determine whether any rational trier of fact could have found by clear and convincing evidence that the parental rights should be terminated. *In the Interest of A. D. I.*, 291 Ga. App. 190, 191 (661 SE2d 606) (2008). We do not weigh the evidence or determine the credibility of witnesses; rather, we defer to the court's factfinding and affirm unless the appellate standard is not met. *In the Interest of C. R. G.*, 272 Ga. App. 161, 162 (611 SE2d 784) (2005). Applying these principles, we find that the evidence was sufficient to support the juvenile court's decision to terminate the mother's rights to the children.

1. The Catoosa County Department of Family and Children Services (the Department) took custody of the children on September 28, 2006 (S. C.) and October 2, 2006 (J. C. and T. C.) after the parents were evicted from their home and they left the children with relatives previously determined by the Department to be unfit caregivers. After a hearing, the juvenile court entered an order on November 6, 2006, adjudicating that the children were deprived as defined in OCGA § 15-11-2 (8) (A) because the parents failed to provide the children with adequate and stable housing and financial support. No appeal was taken from the deprivation order. The court entered an order on December 1, 2006, requiring the parents to comply with the terms of a case plan prepared pursuant to OCGA § 15-11-58 to reunify the

parents with the children. The plan included requirements that the parents attend supervised visitation with the children; that they obtain and maintain adequate housing; that they obtain and maintain income adequate to support the children; that they attend parenting classes and complete a psychological evaluation; and that the father complete anger management and substance abuse assessments. On February 26, 2007, the juvenile court reviewed the reunification plan, found that "the parents have not cooperated with the Department and have not completed the case plan," and ordered the children to remain in the custody of the Department. On September 17, 2007, the Department filed a termination petition on grounds that the parents had not made significant progress on the reunification plan because they had failed to obtain and maintain stable employment or a safe and stable family home; failed to complete parenting classes; and failed to consistently visit with the children and maintain a meaningful parental bond. The petition also alleged that the father suffered from mental illness that rendered him incapable of providing proper parental care. The hearing on the termination petition was subsequently held on April 7, May 1, and May 13, 2008. After considering the evidence, the juvenile court made the determinations required under the two-step process in OCGA § 15-11-94 and entered an order on September 10, 2008, terminating the parental rights of the mother and father.

At the hearing on the termination petition, the Department presented evidence in support of termination. After the court ordered the parents to comply with the plan to reunify them with the children, the parents did not comply with numerous plan requirements. They failed to consistently attend scheduled supervised visitation with the children. At one point, the mother and father failed to visit with the children for a period of over three months. Eventually, the Department obtained an order suspending the sporadic visitation because of the detrimental effect it was having on the children. A psychologist testified that the children had formed a secure attachment to the foster parents with whom they had been placed by the Department, and that the children did not have a secure bond with their biological parents. The parents never provided proof that they obtained and maintained adequate and stable housing, and never provided proof that they obtained and maintained a sufficient source of income. The mother never completed the psychological evaluation required by the plan. The parents did not sign up for parenting classes until the reunification plan had been in effect for about ten months, and the mother testified that she did not complete the classes until about four months after the termination petition was filed. According to the Department's case manager, the parents did not cooperate sufficiently with the Department to

achieve the goals set forth in the reunification plan.

There is no merit to the Appellant's contention that the Department failed to show parental misconduct or inability by clear and convincing evidence of the four factors set forth in OCGA § 15-11-94 (b) (4) (A).

First, there was clear and convincing evidence to support the juvenile court's determination that the children were deprived as defined in OCGA § 15-11-2. OCGA § 15-11-94 (b) (4) (A) (i). Under OCGA § 15-11-2 (8) (A), a deprived child is one who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." Because there was no appeal from the court's prior order finding that the children are deprived under this definition, the Appellant was bound by the court's deprivation determination. *In the Interest of M. A. S.*, 284 Ga. App. 102, 104 (643 SE2d 370) (2007).

Second, there was clear and convincing evidence to support the court's determination that, after the Department took the deprived children into custody, their continuing deprivation was caused by the lack of proper parental care and control by the Appellant and the father. OCGA § 15-11-94 (b) (4) (A) (ii). The evidence showed that the parents physically neglected the children by failing to provide adequate and stable housing and financial support, and by failing to take steps to remedy the neglect. The parents also emotionally neglected the children while they were in the custody of the Department by failing to consistently visit with and maintain a secure emotional bond with the children.

Third, there was clear and convincing evidence to support the court's finding that the cause of the children's deprivation is likely to continue and will not likely be remedied. OCGA § 15-11-94 (b) (4) (A) (iii). This finding was supported by evidence that the parents failed to sufficiently cooperate with the Department to implement the reunification plan; failed to take steps to obtain and maintain employment; failed to obtain and maintain adequate housing; and failed to consistently visit with the children.

Fourth, there was clear and convincing evidence to support the court's finding that the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the children. OCGA § 15-11-94 (b) (4) (A) (iv). In this factor, the court considers whether the children would suffer serious harm if they were returned to the Appellant's care and control and the continued deprivation associated with that environment. *In the Interest of J. K.*, 278 Ga. App. 564, 567 (629 SE2d 529) (2006). The evidence considered by the court in support of the first three factors also supported the court's finding that continued deprivation in the Appellant's

custody would seriously harm the children. *In the Interest of B. J. F.,* 276 Ga. App. 437, 442 (623 SE2d 547) (2005).

After finding clear and convincing evidence of parental misconduct or inability in the first step of the termination process, the juvenile court found in the second step under OCGA § 15-11-94 (a) that termination of the parental rights of the mother and father was in the best interests of the children, considering the physical, mental, emotional, and moral condition and needs of the children and their need for a secure and stable home. Although the Appellant does not contest the court's findings under this step, we find that "[t]he same evidence showing parental misconduct or inability may, and here does, establish this requirement." (Punctuation omitted.) *In the Interest of M. A. S.,* 284 Ga. App. at 107.

2. The Appellant claims that the juvenile court erred by denying her motion to dismiss the termination petition made on the basis that a prior juvenile court order regarding the deprived children adjudicated issues between the parties that precluded termination of her parental rights. See OCGA § 9-12-40.

The Appellant's motion to dismiss showed that, three days after the Department filed the termination petition, the juvenile court entered an order on a motion by the Department in the deprivation proceedings to extend the court's prior order in those proceedings giving the Department temporary custody of the deprived children. The order granting the extension of custody was on a form containing check boxes corresponding to potential findings of fact. One of the checked boxes indicated the court made a finding of fact that "The parents have actively participated in the case plan for reunification and have worked diligently to improve their circumstances. However, immediate reunification is not feasible because they have not completed their case plan." By her motion, the Appellant contended that this finding, made three days after the termination petition was filed, conclusively adjudicated that she and the children's father were cooperating at that point with the Department to complete the reunification plan, and that this required the juvenile court to dismiss the termination petition. We disagree. Even assuming that the finding established that the parents at some point "actively participated" in aspects of the case plan and "worked diligently," the finding did not preclude the court's subsequent finding that there was other clear and convincing evidence supporting termination of parental rights.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 8, 2010.

YALE LAW LIBRARY

*John R. Wiggins*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Jennifer E. Hildebrand, Steven M. Ellis, Justin G. Woodward*, for appellee.